# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MALCOLM BERNARD HAGLER,<br><br>                      Plaintiff,<br>v.<br><br>DISTRICT ATTORNEY NICOLAS HEITMAN, RUSSELL JONES, HATTIE E. WILLIAMS, JONATHAN MEIJIAS-RIVERA, SAMPHANH LUANGPHAXAYACHACK, ARTURO BURGOS, EL GERRITH TUCKER, MAXWELL OURS, and DANIEL STURMA,<br><br>                      Defendants. | Case No. 20-CV-973-JPS<br><br>**ORDER** |

Plaintiff Malcolm Bernard Hagler, an inmate confined at Fox Lake Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that the defendants violated his rights under federal law. (Docket #1). This order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and screens his complaint.

**1.    MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On July 15, 2020, the Court ordered Plaintiff to pay an initial partial filing fee of $73.74. (Docket #6). Plaintiff paid that fee on July 22, 2020. The Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. (Docket #2). He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

## 2. SCREENING THE COMPLAINT

### 2.1 Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

Plaintiff sues Milwaukee County Deputy District Attorney Nicolas Heitman ("Deputy DA Heitman"), his former defense attorney Russell Jones ("Jones"), Hattie E. Williams ("Williams"), and Milwaukee Police Officers Jonathan Meijias-Rivera, Samphanh Luangphaxayachack, Arturo Burgos, El Gerrith Tucker, Maxwell Ours, and Daniel Sturma, collectively ("MPD Officers").

Plaintiff alleges that on May 31, 2019, the MPD Officers arrested him even though they knew that Plaintiff never committed the crimes he was arrested for because the incidents never happened. (Docket #1 at 3). Plaintiff alleges that the MPD Officers used intimidation to get Williams to cooperate with the District Attorney's office by threatening to take away a child. (*Id.* at 3–4). Plaintiff further alleges that the MPD Officers have lied and filed false reports and "convict[ed] [him] of fraudulent charges." (*Id.* at 4). Plaintiff states that the MPD Officers' conduct shows that they discriminate against men. (*Id.*) Lastly, Plaintiff alleges that he is being held

against his will and that his sentence[1] is unwarranted and done by a conspiracy. (*Id.*)

Plaintiff seeks relief compelling MPD Officers to do thorough investigations before charging people and to stop forcing people to take plea bargains to save their life. (*Id.* at 5). Plaintiff also seeks monetary damages of $10,000,000 per Defendant. (*Id.*)

**2.3 Analysis**

Plaintiff never explicitly states that he wants his conviction overturned or that his conviction is unconstitutional. But, Plaintiff does state that the charges were fraudulent, he never committed the crimes charged, he is being held against his will, and his sentence is unwarranted. This leads the Court to presume that Plaintiff is attempting to allege that his criminal conviction violates his constitutional rights and is seeking release from incarceration. However, Plaintiff cannot obtain release from confinement with a civil rights case. "[T]he writ of habeas corpus [is] the exclusive civil remedy for prisoners seeking release from custody." *Glaus v. Anderson*, 408 F.3d 382, 386 (7th Cir. 2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). Thus, to the extent Plaintiff seeks release from prison, he must seek such relief by filing a petition for a writ of habeas corpus after he has exhausted his state court remedies.

---

[1] Wisconsin court records indicate that on September 13, 2019, a jury found Plaintiff guilty of First Degree Recklessly Endangering Safety, False Imprisonment, and two counts of Possession of a Firearm by a Felon and that on October 4, 2019, he was sentenced to state prison for a total of ten years and extended supervision for ten years. *See State of Wisconsin v. Malcolm Bernard Hagler*, 2019CF002351 (Milwaukee Cty. Cir. Ct.) *available at* https://wcca.wicourts.gov (last visited December 11, 2020).

Page 4 of 8
Case 2:20-cv-00973-JPS   Filed 12/11/20   Page 4 of 8   Document 7

That leaves Plaintiff's request for monetary damages. Plaintiff cannot at this time proceed on a constitutional claim for damages because of the rule set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994):

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 486–87 (footnotes omitted). The *Heck* rule "is intended to prevent collateral attack on a criminal conviction through the vehicle of a civil suit." *McCann v. Neilsen,* 466 F.3d 619, 621 (7th Cir. 2006). If the Court ruled in Plaintiff's favor, in effect it would be ruling that his conviction or sentence was unconstitutional. Plaintiff's conviction and sentence have not been invalidated; indeed, he is currently incarcerated under that sentence. Thus, he cannot sue for damages under Section 1983 based on his alleged unconstitutional confinement.

The Court will dismiss this case without prejudice. *See Moore v. Burge*, 771 F.3d 444, 446 (7th Cir. 2014) (dismissals under *Heck v. Humphrey* are without prejudice). Plaintiff may wish to file a petition for habeas corpus. If he does, Plaintiff is advised that: (1) this Court is not now making a decision on the merits of any habeas case that he may file; (2) after he first exhausts his state court remedies, he may refile under the proper legal label—that is, a petition for a writ of habeas corpus—subject to the normal rules, such as those prohibiting frivolous lawsuits; and (3) refiling under the proper label will probably have certain consequences, including that any successive petition for a writ of habeas corpus will be subject to the restrictions on second or successive petitions. *See Glaus*, 408 F.3d at 390. Along with this Order, the Court will mail Plaintiff a form Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 and a guide for unrepresented litigants, Habeas Corpus: Answers to State Petitioners' Common Questions.

### 3. CONCLUSION

As stated above, Plaintiff cannot obtain release from confinement with a Section 1983 civil rights case. Instead, he must seek that relief via a Petition for Writ of Habeas Corpus. Further, Plaintiff's monetary relief must be denied under *Heck*. Thus, the Court will dismiss this case without prejudice.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that this action be and same is hereby **DISMISSED without prejudice**;

Page 6 of 8
Case 2:20-cv-00973-JPS   Filed 12/11/20   Page 6 of 8   Document 7

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $276.26 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a form Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 and related Guide; and

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where plaintiff is confined.

This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within

twenty-eight days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 11th day of December, 2020.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge